UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HANEY, | CASE NO. 1:09-cv-01848-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 18) |
| WARDEN KEN CLARK, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

**SCREENING ORDER**

**I.  PROCEDURAL HISTORY**

On October 21, 2009, Plaintiff Thomas Haney, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

On March 29, 2011, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 11.)  Plaintiff's First Amended Complaint (ECF No. 18) is now before the Court for screening.

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names the following Defendants: (1) Ken Clark, Warden, California Substance Abuse Treatment Facility and State Prison, Corcoran (CSATF); (2) S. Ramirez, Visiting Lt., CSATF; (3) F. Ramirez, Visiting Lt., CSATF; (4) R. Brannum, Visiting Lt., CSATF; (5) A.R. Shiloh, Institutional Security Unit (ISU) Sgt. #2, CSATF; (6) M. Padilla, ISU Staff Correctional Officer (CO), CSATF; (7) A. Bernal, ISU Staff CO, CSATF; (8) Gonzalez, ISU Staff CO, CSATF; (9) D. James, Yard Lt., CSATF; (10)

2

Gonzalez, Yard Sgt., CSATF; (11) C. Lane, Yard Staff CO, CSATF; (12) S. Ballesteos, Yard Staff CO, CSATF; (13) L. Webb, CCI Counselor, CSATF; (14) James Yates, Warden, Pleasant Valley State Prison (PVSP); (15) J.M. Mattingly, Chief Deputy Warden, PVSP; (16) R. Hansen, Chief Deputy Warden, PVSP; (17) Webster, Visiting Lt., PVSP; (18) W.K. Myers, Visiting Lt., PVSP; (19) V. Carr, Visiting Sgt., PVSP; (20) C. Barajas, Visiting CO, PVSP; (21) J.G. Lopez, ISU Sgt., PVSP; and (22) R. Milan, ISU Staff CO, PVSP.

Plaintiff alleges the following:

Plaintiff and his family were enjoying visitation at CSATF when Defendant Ballesteos began monitoring the visitors room. Ballesteos verbally harassed Plaintiff and his family. When Plaintiff confronted Ballesteos, she ended the visitation. Plaintiff filed an inmate appeal regarding the incident. The appeal was heard some time after June 6, 2004. Ballesteos started spreading rumors on the yard that Plaintiff and his family supplied drugs. (Compl. at 6.)

On July 12, 2005, Defendant Webb called Defendant Bernal and reported that an inmate informant, who he could no longer identify, had stated that Plaintiff was in possession of narcotics. Bernal, Gonzales, and Lane searched Plaintiff's cell. Bernal purportedly discovered a red balloon filled with narcotics among Plaintiff's possessions. (Id. at 7, 8.) Bernal declared the balloon to be filled with narcotics before it was opened and tested. Defendants Webb and Bernal's conduct indicate a conspiracy to harm Plaintiff. (Id. at 8, 9.)

On October 15, 2005, Defendant Brannum cuffed Plaintiff during visiting hours and secured him in a back room. Brannum alleged that he saw Plaintiff and his family passing drugs. Plaintiff was placed on contraband watch for three days. No contraband was

3

found.  (Id. at 9, 10.)  Plaintiff was taken to administrative segregation and charged with possession of narcotics for distribution.  An x-ray found no contraband.  The charges were not dropped, and Plaintiff remained in segregation.  Plaintiff filed a complaint against Defendant Brannum.  (Id. at 10.)  S. Ramirez conducted an interview in response to Plaintiff's complaint.  Plaintiff cited sections of the California Code of Regulations that he believed were violated by Brannum.  Ramirez responded by threatening Plaintiff and his family.  Plaintiff formally complained of being threatened on January 31, 2006.  (Id. at 11.)

On February 12, 2006, Plaintiff appeared before Defendant D. James during a disciplinary hearing for possessing the balloon of narcotics.  Plaintiff raised the various procedural missteps made by the prison officials involved.  (Id. at 13, 14.)  Defendant James was disrespectful and found Plaintiff guilty of drug possession.  (Id. at 14.)  Plaintiff filed an inmate grievance against James for failing to observe protocol.  (Id. at 15.)

Some time afterwards Plaintiff was transferred to PVSP.  Plaintiff's wife attempted to visit him and was told by Lt. Nelson that she was flagged for drug smuggling and not allowed to visit.  Defendant Mattingly sent Plaintiff's wife a rude letter that included "unfounded statements" regarding "past experiences in other prisons . . . ."  Mattingly denied visitation privileges.  (Id. at 16.)  Plaintiff appealed the loss of visitation via numerous inmate appeals.  Visitation was restored after Lieutenants Nelson and Webster were replaced by Defendant Myers.  (Id. at 17.)

On March 23, 2008, Plaintiff was visiting with his family.  Plaintiff asked Defendant Barajas if he could kiss family members for pictures.  Barajas said yes, then seized the photo after she saw how the kissing had occurred.  Plaintiff filed a grievance against Barajas.  The following weekend Barajas' coworker detained Plaintiff at the visiting gate

for an hour. On March 29, 2008, Defendant Barajas accused Plaintiff of spanking his wife during visitation. Plaintiff's visits were terminated for thirty days. (Id.)

On May 2, 2008, Plaintiff was called to a disciplinary hearing for Barajas' claims of inappropriate touching during visitation. Lt. Woodend conducted the hearing and found Plaintiff guilty. Plaintiff's requests to call witnesses were denied. (Id. at 18.)

On July 4, 2008, Plaintiff's step-daughter thought she lost five one dollar bills and asked a correctional officer for help. Defendant Myers suspended Plaintiff's visitation because minors were not to handle money during visitation. The money was found in the car. (Id. at 18, 19.)

On October 22, 2008, Defendant Lopez, who has a personal relationship with Defendant Barajas, cited Plaintiff for conspiracy to import drugs into PVSP. Defendant Hansen withdrew Plaintiff's visitation privileges. Plaintiff appealed the loss of his privileges. (Id. at 20.) Plaintiff had another hearing and was found guilty of conspiracy to import drugs. Plaintiff appealed the guilty determination and was transferred to Kern Valley State Prison. (Id.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

5

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    Proper Joinder of Multiple Claims And Defendants**

Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or as alternative claims, as many claims as it has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Rule 18(a) allows multiple claims against a single party. However, naming multiple defendants is limited by the requirement of Federal Rule of Civil Procedure 20(a)(2) that the right to relief arise out of common events and contain common questions of law or fact.

6

Plaintiff submits that he was subjected to numerous adverse acts in retaliation for exercising his First Amendment rights. The alleged violations occurred over four years at two prisons and involved twenty-two Defendants. The initial series of factual allegations are related to a rumor allegedly spread by Defendant Ballesteos that Plaintiff was involved in drug trafficking. Plaintiff alleges that he was transferred to PVSP at some point prior to July 2007 and continued to suffer acts of retaliation. However, there are no factual allegations suggesting how the conduct endured by Plaintiff at CSATF is related to what allegedly took place at PVSP.

The fact that claims are premised on the same type of constitutional violation against multiple defendants does not make them factually related. Claims are related when they are based on the same precipitating event or on a series of related events caused by the same precipitating event. Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607.

As alleged, Plaintiff's claims are unrelated and not cognizable. The Court will grant Plaintiff an opportunity to amend. To state a cognizable claim, Plaintiff must plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and defendants will be subject to dismissal.

The following sections of this order will notify Plaintiff of other pleading deficiencies and the legal standards applicable to his claims.

**C.**     **Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally

participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Of the twenty-two Defendants named in the amended complaint, only fourteen are described in the factual allegations as having participated in the violations of Plaintiff's rights. Defendants Clark, F. Ramirez, A.R. Shiloh, Padilla, Gonzalez, Yates, Carr, and Milan are either not mentioned entirely in Plaintiff's summary of events or not sufficiently linked to the violations alleged.

The Court will provide an opportunity to amend. In order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. Sweeping conclusory allegations

will not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). The mere fact that they may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### D.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges filing a series of inmate grievances or legal claims followed by acts of retaliation. Filing a grievance is a First Amendment protected activity. Valandingham, 866 F.2d at 1138.

Should Plaintiff choose to amend, he should focus his efforts on clearly identifying each adverse act and the Defendants responsible. Plaintiff must then explain how the

protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)).  Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In order to state a claim, Plaintiff must allege specific facts demonstrating that a Defendant committed an adverse act because of Plaintiff's First Amendment activity.  The adverse action must not have reasonably advanced a legitimate correctional goal.

**E.    Conspiracy**

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002).

Plaintiff alleges that each of the Defendants conspired to violate the constitutional rights discussed above. The Complaint is devoid of any factual allegations that demonstrate an agreement or meeting of the minds between the Defendants to violate Plaintiff's rights. Bare suspicions and assertions are not sufficient to state a claim. The Court will provide Plaintiff an opportunity to amend. In order to state a cognizable conspiracy claim, Plaintiff must allege facts demonstrating that the Defendants made some

kind of agreement or reached an understanding to violate Plaintiff's constitutional rights.

## V.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed February 27, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 28, 2013         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE