IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HANEY, | CASE No. 1:09-cv-01848-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDERS |
| vs. | (ECF Nos. 21 & 22) |
| WARDEN KEN CLARK, et al., | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| Defendant(s). | |

On October 21, 2009, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The complaint was screened and dismissed for failure to states a claim. (ECF No. 11.) Plaintiff's first amended complaint (ECF No. 18) also was screened and dismissed for failure to state a claim, but Plaintiff was granted leave to file a second amended complaint provided he did so by not later than March 28, 2013 (ECF No. 19). That deadline subsequently was extended to May 9, 2013. (ECF No. 21.) The May 9th deadline passed without Plaintiff filing an amended complaint or requesting an extension of time to do so.

     The Court ordered Plaintiff, by not later than June 17, 2013, to either file a second amended complaint or show cause why this action should not be dismissed. (ECF No. 22.) The June 17th deadline passed without Plaintiff responding further.

     Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

     "The public's interest in expeditious resolution of litigation always favors dismissal." Id., quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since October 21, 2009. Plaintiff has twice failed to state a cognizable claim. Plaintiff's failure to comply with Court orders and file a second amended complaint may reflect Plaintiff's lack of interest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources. Thus, both the first and second factors weigh in favor of dismissal.

     Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id., citing Yourish 191 F.3d at 991. However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with Court orders and file a second amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

    As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

    Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. <u>Pagtalunan</u>, 291 F.3d at 643.

    On balancing these factors, the Court concludes they weigh in favor of dismissal and HEREBY RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey the Court's orders (ECF Nos. 21 & 22).

    These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

    Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 16, 2013                 /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE